### STANDARD OIL CO. v. CITY OF TALLAHASSEE.

No. 13089.

United States Court of Appeals
Fifth Circuit.

June 30, 1950.

Rehearing Denied July 28, 1950.

Lawrence A. Truett, Chas. S. Ausley, Tallahassee, Fla., for appellant.

James Messer, Jr., City Attorney, Tallahassee, Fla., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This action was brought by Standard Oil Company, a corporation organized under the laws of Kentucky, against the City of Tallahassee, a municipal corporation of the state of Florida, to enjoin the enforcement of a city zoning ordinance adopted by that municipality on April 27, 1948.

On April 30, 1949, a temporary restraining order was granted by the district court enjoining the City of Tallahassee from enforcing said ordinance against plaintiff pending a final hearing and disposition of the cause. On November 30, 1949, after considering the pleadings, stipulation of counsel, and the testimony adduced upon a full hearing of the case, the district court held the ordinance valid and enforceable, whereupon the temporary restraining order was dissolved and the suit dismissed.

The main question presented is whether the zoning ordinance involved is justified as a reasonable exercise of the police power of the municipality to promote the general welfare of its inhabitants, or whether, as it affects plaintiff's property, it is so arbitrary and unreasonable as to constitute a confiscation of its property without due process of law, or so discriminatory as to deny appellant the equal protection of the law.

The material facts, as stipulated by the parties and found by the trial court, reveal that Standard Oil Company owns and operates a gasoline service station at the intersection of Lafayette and Monroe Streets in the City of Tallahassee, across from the main entrance to the State Capitol. The property on which the service station is located was purchased in 1938 for the purpose of constructing a station thereon, which was to be used as a retail outlet for the sale of plaintiff's gasoline and oil products. At the time of its purchase there were

no restrictions by ordinance against the use of the property for such purpose.

Chapter 15,520, Special Laws of Florida, Acts of 1931, specifically authorized the City of Tallahassee to regulate the location and use of buildings and lands within that City, pursuant to a comprehensive zoning plan. Subsequently, practically the same grant of authority was given all municipalities in the State through the enactment of Chapter 19,539, Laws of Florida, Act of 1939, F.S.A. § 176.01 et seq.

On April 13, 1936, acting under authority granted to it by Chapter 15,520 of the Special Laws of Florida, the City of Tallahassee adopted a comprehensive zoning plan for the City. The area within which plaintiff's property is located was then designated as a residence district "A", and under the terms of the zoning ordinance service stations could not be operated within the area. However, a later zoning ordinance adopted that same year changed the designation of the area to residence district "B", and under this new classification service stations could be constructed and operated within the area. It was during the period when this latter ordinance was in effect that plaintiff purchased the property in dispute and constructed its service station thereon.

On January 24, 1939, the City adopted Ordinance No. 334, which removed from residence district "B" the area within which plaintiff's property is located, and added it to business district "A". This zoning ordinance also provided as follows: "No additional motor vehicle service station or stations shall be constructed or operated within the above described parts of this area of the City of Tallahassee, after the effective date of this ordinance; and further that all locations or cities within said parts or areas of the City now used for motor vehicle service stations shall be discontinued as such on and after January 1, 1949."

Finally, by zoning Ordinance No. 542, adopted April 27, 1948, the City again changed the area in which plaintiff's property is located from a business district to a residence district "A". The above provision of Ordinance No. 334, requiring the discontinuance of the operation of service stations in said area by January 1, 1949, was also made applicable to the area in which plaintiff's service station is located. It is this ordinance which plaintiff here seeks to enjoin.

There is evidence to the effect that plaintiff has spent considerable money in the construction, operation, and maintenance of its service station since it was first opened for business on or about November 1, 1938, and that the value of its property will be greatly depreciated if it is prohibited under the ordinance from using it for such purpose. However, it is without dispute that the City of Tallahassee had authority to enact such zoning ordinances, and that it had exercised such authority prior to plaintiff's purchase of the property here involved. Plaintiff originally acquired the property with full knowledge of the right of the City to modify its zoning ordinances so as to conform to its requirements as a rapidly growing municipality. Moreover, the evidence further shows that other service stations formerly located in the same district where plaintiff's station is located have ceased operation before the deadline given them under the ordinance, and that plaintiff's station is the only one of five service stations affected by the zoning ordinance which is still in operation.

The courts have generally recognized that they should not inhibit a reasonable exercise of the zoning power of a municipality carried out pursuant to legislative grant by the state. Moreover, it has been held that a presumption of validity attends the enactment of such zoning ordinances. City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497.

Legislation conferring the zoning power upon various Florida municipalities has been repeatedly sustained as constitutional by the Supreme Court of Florida. State ex rel. Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; State ex rel. Skillman v. City of Miami, 101 Fla. 585, 134 So. 541; Miami Shores Village v. William N. Brockway Post, No. 124, 156 Fla. 673, 24 So.2d 33. And in such cases, we are

not permitted to substitute our judgment for that of the city council, or to question the wisdom or policy of that body in adopting the ordinance under attack, so long as it does not infringe constitutional guaranties. City of Miami Beach v. Ocean & Inland 'Co., 147 Fla. 480, 3 So.2d 364; Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497; State ex rel. Dallas Inv. 'Co. v. Peace, 139 Fla. 394, 190 So. 607.

▉ The power of a municipality to require by ordinance the discontinuance of an existing property use also appears to be well established law in Florida. Knowles v. Central Allapattae Properties, 145 Fla. 123, 198 So. 819; State ex rel. Skillman v. City of Miami, 101 Fla. 585, 134 So. 541; State ex rel. Dallas Inv. Co. v. Peace, 139 Fla. 394, 190 So. 607. Here, plaintiff's service station is near the State Capitol and the State Supreme Court Building, as well as several other state office buildings and a public school. It therefore becomes manifest that its discontinuance under the ordinance cannot be viewed as arbitrary and unreasonable, or as having no relation to the safety and general welfare of the community affected. Hadacheck v. Sebastian, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348; Ann.Cas.1917B, 927; State ex rel. Henry v. City of Miami, 117 Fla. 594, 158 So. 82; See also, Texas 'Co. v. City of Tampa, 5 Cir., 100 F.2d 347; Marblehead Land Company v. City of Los Angeles, 9 Cir., 47 F. 2d 528.

▉ We find no merit in appellant's contention that enforcement of this ordinance would entail any unjust discrimination, or would be tantamount to depriving it of its property without due process merely because the site was acquired and improved at considerable expense before the zoning ordinance was enacted. The general rule here applicable is that considerations of financial loss or of so-called "vested rights" in private property are insufficient to outweigh the necessity for legitimate exercise of the police power of a municipality. Hadacheck v. Sebastian, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348; Ann.Cas.1917B,

927; Reinman v. City of Little Rock, 237 U.S. 171, 35 S.Ct. 511, 59 L.Ed. 900; Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L. R. 1016; Knowles v. 'Central Allapattae Properties, 145 Fla. 123, 198 So. 819; See also, State ex rel. Oil Service Co. v. Stark, 96 W.Va. 176, 122 S.E. 533; Atlantic Coast Line R. R. Co. v. City of Goldsboro, 232 U.S. 548, 34 S.Ct. 364, 58 L.Ed. 721; Chicago & A. R. Co. v. Tranbarger, 238 U.S. 67, 35 S.Ct. 678, 59 L.Ed. 204; 'Cf. City of West Palm Beach v. Edward U. Roddy Corporation, Fla., 43 So.2d 709.

The judgment is

Affirmed.

HUTCHESON, Chief Judge (dissenting).

With the principles announced in the majority opinion I am in complete accord. Agreeing fully, though, with Captain Cuttle's famous *dictum,* "The bearings of that observation lies in the application of it",. I must dissent from the application of the principles to the facts of this case as testified to and as found by the trial court.

Fully canvassing the evidence in the light of the contentions made and specifically rejecting those that the ordinance promoted health, safety, or morals, the court, though he agreed with the defendant that the value of his property would be ruined and that the zoned property was not adapted to the use for which it was zoned, to-wit, residence property, yet sustained the ordinance on two considerations, which were inadequate to sustain it. One of these, a consideration of fact, was that the property was within close proximity to the state capitol, several state office buildings and a public school. The other, a consideration of law, was that the court should not substitute its judgment for that of the legislative body of the city.

In view of the decision in Standard Oil Co. v. Bowling Green, 244 Ky. 362, 50 S.W. 2d 960, 86 A.L.R. 648 and of the two decisions of the Supreme Court of Florida, relied on by appellant and decided since the decision of this case below,[1] in all of which

1. City of West Palm Beach v. Edward U. Roddy Corp., 43 So.2d 709; City of Miami v. First Trust Co., 45 So.2d 681.

the court, recognizing that even in this age of enlightenment the Constitution still protects the citizen against arbitrary and unreasonable action, I am in no doubt that in sustaining this admittedly confiscatory ordinance, a good general principle, the public interest in zoning, has been run into the ground, the tail of legislative confiscation by caprice has been permitted to wag the dog of judicial constitutional protection.

On Petition for Rehearing

PER CURIAM.

A majority of the Judges who originally heard and participated in the decision of the above styled and numbered cause are of opinion the decision was correct, and the petition for rehearing is therefore

Denied.