**E. B. ELLIOTT ADV. CO., Plaintiff,**
**Henry F. Hill, Intervenor,**

v.

**METROPOLITAN DADE COUNTY, a political subdivision of the STATE OF FLORIDA, Defendant.**

**E. B. ELLIOTT ADV. CO., etc., Outdoor Media, Inc., etc., Donnelly Advertising of Florida, etc., and Webster Outdoor Advertising Co., etc., Plaintiffs,**

v.

**METROPOLITAN DADE COUNTY, a political subdivision of the STATE OF FLORIDA, Defendant.**

**Nos. 68-141-Civ., 68-749-Civ.**

United States District Court
S. D. Florida.
Nov. 20, 1968.

Bolles, Goodwin, Ryskamp & Ware, Miami, Fla., for plaintiffs.

Fred R. Stanton, Miami Beach, Fla., for intervenor.

Thomas C. Britton, Miami, Fla., for defendant.

## FINAL JUDGMENT

CABOT, District Judge.

These two cases, in which the validity of Ordinance No. 63–26 of Dade County, Florida (Section 33–121.10 through Section 33–121.17 of the Code of Metropolitan Dade County, Florida) is challenged, came on for trial, having been consolidated since the issues were the same.

The challenged ordinance regulates commercial signs within 600 feet of the right-of-way of the Dade County expressways, including outdoor advertising signs (billboards) and point of sale signs. The plaintiffs, intervenor, and class represented are either billboard sign owners, lessors, or lessees of the signs or the land upon which they are installed, that were erected before July 12, 1963, the effective date of the ordinance and which pursuant thereto should have been removed on March 1, 1968, save for the temporary injunction heretofore issued.

Generally, the complaint is that the ordinance takes private property for a public purpose without compensation in violation of Section 12, Declaration of Rights, Florida Constitution, F.S.A., and the Fifth Amendment of the Federal Constitution because the pre-existing nonconforming billboards must be removed and particularly those located within 200 feet of the expressways where such signs are prohibited under any condition. Billboard signs may be placed between 200 feet and 600 feet of expressways under certain specified conditions.

It is also charged that the ordinance takes property without due process of law, discriminates against the complaining parties and those of their class and is a capricious exercise of the County's police power as it is not for public safety or general welfare.

After considering the evidence, memoranda of law, and argument of counsel, the Court finds:

A. Jurisdiction arises by reason of the federal question involved and the existence of a controversy exceeding $10,-000 as provided by Title 28, United States Code, Section 1331.

B. In the class suit (Case No. 68–749–Civ) the plaintiffs and those represented comprise outdoor advertising sign owners, land owners where the signs are located, lessors and lessees of the signs and the lands on which they are located, all of whom come within the terms of

Dade County Ordinance No. 63–26. The class is a reasonable one.

■ C. The ordinance in question, found in the Code of Metropolitan Dade County, Florida, Section 33–121.10 through Section 33–121.17, bears a rational relationship to constitutionally permissible objectives of safety, aesthetics, and economic welfare. Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563.

Considering the findings, the Court reaches the following conclusions:

1. The ordinance in question is a zoning ordinance and the fairly debatable rule is applicable. Euclid v. Amber Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 383, and City of St. Petersburg v. Aikin, Fla. 217 So.2d 315.

2. The ordinance does not prescribe the taking of property without just compensation as prohibited by Section 12, Declaration of Rights, Florida Constitution, or the just compensation clause of the Fifth Amendment, United States Constitution, if applicable to the states. See Fallbrook Irrigation Dist. v. Bradley, 17 S.Ct. 56, 164 U.S. 112, 41 L.Ed. 369 (1896).

3. There has been no taking of property without due process of law as the ordinance is a reasonable exercise of the defendant County's police power.

4. The plaintiffs, the intervenor, and the class as alleged in the class action have not been denied equal protection of the law as the ordinance is not invidiously discriminatory. Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93, (1963).

■ 5. The validity of the ordinance, a police power regulation, is at the least fairly debatable and therefore the Court will not substitute its judgment for that of the defendant's legislative body. Standard Oil Co. v. City of Tallahassee, (5th Cir. 1950) 183 F.2d 410.

The Court having determined that the ordinance is constitutional, it is

Ordered and adjudged that the complaints as amended in these cases are hereby dismissed with prejudice to and at the cost of the plaintiffs, intervenor, and class represented; and the temporary injunction heretofore entered be and the same is hereby dissolved; provided, the Court will retain jurisdiction to tax costs.