Ex Parte Melvin Johnson.

No. 8531.   Decided February 6, 1924.

Habeas Corpus—Verdict—Manner of Execution—Hanging—Electrocution.

Where the application for discharge by way of writ of habeas corpus was upon the ground that the verdict declared that applicant's death should be by hanging, while the sentence declared that it should be by electrocution, and it appeared that at the time of applicant's trial the mode of execution where the death penalty was ordered was by hanging, and that this mode of execution was changed later to that of electrocution by Act of the Legislature, held, that that part of the verdict using the words "by hanging until dead" is surplusage and that the change of the mode of execution from hanging to electrocution is within the scope of the legislative power, and the application for writ of habeas corpus is refused. Following Malloy v. U. S., 237 U. S. 179.

From Liberty County.
Original Habeas Corpus Proceedings asking discharge from illegal restraint, and in the alternative for writ of prohibition, etc.

The opinion states the case.

*E. W. Love,* for applicant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—Upon the trial of Melvin Johnson for murder, the jury returned a verdict reading thus:

"We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at death by hanging until dead."

Upon his appeal, the judgment was affirmed on the 4th day of April, 1923, and mandate issued on the 22nd day of June, 1923, and on the 23rd day of August, 1923, the date of his execution was fixed by sentence duly entered in the District Court of Liberty County.

This application for discharge by way of writ of habeas corpus is upon the ground that the verdict declares that his death shall be by hanging, while the sentence declares that it shall be by electrocution. At the time of his trial, under the law of this State, the mode of execution where the death penalty was ordered was by hanging. By Act of the Thirty-eighth Legislature, 2nd Called Session, the mode of execution was changed to that of electrocution. (See Chap. 51, Acts of Thirty-eighth Legislature, Second Called Session.).

The province of the jury was to decide upon the guilt of the appellant and whether he should be punished by death or by confinement in the penitentiary. That part of the verdict using the words "by hanging until dead" is surplusage and in no sense vitiated the verdict. The method of execution was not within the scope of the jury's authority, but at the time the verdict was rendered was fixed by law. The change of the mode of execution from hanging to electrocution was within the scope of the legislative power and did not offend against the constitutional provision prohibiting ex post facto legislation. Such is the view expressed by the Supreme Court of the United States and the courts in several of the states.

In Malloy's case, 237 U. S., 179, 59 Law Ed., 905, the question before the court was whether Malloy, who had committed the offense of murder in 1910, at which time the mode of execution was by hanging, and who was convicted in 1912, when the mode of execution was by electrocution, should be discharged. In the opinion rendered in 1915, the Supreme Court of the United States, after reviewing some previous announcements by that court, used this language:

"Impressed with the serious objection to executions by hanging, and hopeful that means might be found for taking life 'in a less barbarous manner,' the governor of New York brought the subject to the attention of the legislature in 1885. A commission thereafter

appointed to ascertain the most humane and practical method of inflicting death sentence reported in favor of electrocution. This was adopted by the statute of 1888, and, with the approval of the courts, has been in continuous use since that time. Re Kemmler, 136 U. S., 436, 34 L. ed., 519, 10 Sup. Ct. Rep., 930, 119 N. Y., 569, 7 L. R. A., 715, 16 Am. St. Rep., 859, 24 N. E., 6.

Influenced by the results in New York, eleven other states have adopted the same mode for inflicting death in capital cases; and, as is commonly known, this result is the consequent of a well grounded belief that electrocution is less painful and more humane than hanging. Storti v. Com., 178 Mass., 549, 553, 52 L. R. A., 520, 60 N. E., 210; State v. Tomassi, 75 N. J. L. 739, 747, 69 Atl. 214.

The statute under consideration did not change the penalty—death —for murder, but only the mode of producing this, together with certain nonessential details in respect of surroundings. The punishment was not increased, and some of the odious features incident to the old method were abated.''

The application is refused.

*Application refused.*