### STATE ex SRIGLEY v WOODWORTH

Ohio Appeals, 4th Dist, Athens Co

Decided June 14, 1929

Messrs. Woolley & Rowland & R. W. Finsterwald, all of Athens, for State ex Srigley.

Messrs. Jones & Jones, M. D. Hughes, & John Bolin, all of Athens, for Woodworth.

Judges RICHARDS and LLOYD (6th Dist) sitting

534

MAUCK, J.

The sole question, therefore, before us is whether or not the defendant, having found that the relator's property was in a residential district, had power because of that fact to refuse her a permit to build a gasoline filling station upon the lot in question. In **Pritz v. Messer, 112 OS. 628,** the Supreme Court sustained a zoning ordinance which comprehended the entire city of Cincinnati, and under the authority of that case if the defendant in this case could justify his action under an ordinance that zoned the entire city of Athens he would be warranted in his refusal of a permit in this case. In **Youngstown v. Kahn Building Co., 112 OS. 654,** the court had to do with an ordinance of the city of Youngstown that did not undertake to zone the whole city but did undertake to exclude from a residential district the building of an apartment house, and held the ordinance unconstitutional on the ground that the public health, morals and safety of neither the affected district nor the entire municipality would be affected by the erection of such apartment house and that consequently the ordinance was not constitutional. The fair effect of considering together the two opinions just referred to is that the Supreme Court sustains a comprehensive city-wide ordinance which prohibits the construction of an apartment building within a residential district, and refuses to sustain an ordinance containing a like exclusion where only a part of the city is zoned unless it be shown that the block ordinance prevents the erection of a building that would be a nuisance or a place for carrying on a business that would be a nuisance. The Supreme Court of this state has held that a filling station is not a nuisance **per se, Powell v. Craig, 113 OS. 245,** and we find nothing in the legislation of the city of Athens nor in the statutes of the state that declares a filling station to be a nuisance **per se** even within a residential district. It may be seriously questioned, therefore, whether a block ordinance, as distinguished from a comprehensive zoning ordinance, may block off a certain portion of a municipality and prevent filling stations from being erected therein without some sort of a showing that they will be inimical to the public health, safety or morals of the affected district. In the absence of such showing any such

ordinance would seem to fall under the condemnation of the Youngstown case.

If, however, the effect of **Youngstown v. Kahn** could be avoided and an ordinance passed excluding filling stations from a particular block of the city it appears in this case that no such ordinance has been passed. Section 14 of the ordinance under consideration provides that in a residence district no building shall be erected except those named in that section, and that section does not include gasoline filling stations. Section 14 does not, however, undertake to say that the district in which the relator's lot is located is a residence district. Evidently when this ordinance was passed in 1927 council appreciated the difficulties of passing a comprehensive zoning ordinance covering the entire city and as a temporary expedient enacted Section 13 as follows:

"In the interest of public health, safety, convenience, appearance and general welfare, the City of Athens, Ohio, shall be divided into three kinds of districts, viz: residence, business and industrial. Until a zoning ordiance is passed in the city definitely defining such districts the inspector of buildings shall determine what parts of the city belong in either of these three districts. His decision shall be subject to approval by the mayor and a majority of the members elected to council."

The infirmaties of this section are twofold. It avows that one of its purposes is to conserve the public convenience and appearance. With that purpose we are in sympathy. It offends one's sense of propriety that the beauty of a neighborhood should be violated by a filling station that may conform to the requirements of health, safety and morals and yet offend all the canons of good taste. It seems unfortunate that the police power is adequate to prohibit offensive sounds and smells but is helpless against things that are only ugly in appearance. We are, however, admonished by Judge Allen in **Youngstown v. Kahn,** and such is the undoubted rule, that the police power can not be invoked by esthetic considerations; that zoning ordinances seeking to promote or portect the beautiful are not authorized and that such regulations can only be sustained to protect or perserve the public health, morals or safety. So far, therefore, as this ordinance sought to preserve the "appearance" of the neighborhood it was unauthorized by law.

If it should be urged, however, that this section of the ordinance might be sustained because it was in the interest of public health and safety as well as in the interest of the public appearance, Section 13 encounters another and, as we view it, insuperable difficulty. It indicates the purpose of council at some time to pass a general zoning ordinance. Until such general ordinance is passed it provides as a stopgap measure that the inspector of buildings shall determine what parts of the city belong in either of the three kinds of districts contemplated. That is to say, the council until such time as it determines for itself

what territory shall be a residence district delegates to an administrative officer the power to so determine. If the council has power to delegate its authority in this behalf for two years or two days it has like authority to perpetually abdicate its legislative powers in behalf of a ministerial officer. This it can not do. A municipal council can not delegate to another municipal officer the power to decide upon legislative matters properly resting in the judgment and discretion of the council. The members of a council are chosen by the people to legislate and the public is entitled to the judgment and discretion of those elected for that purpose and not to the judgment and discretion of some other to whom the council may confide it. **19 Ruling Case Law 869. 12 A. L. R. 1436.**

The cases are numerous where a legislative body fixes a standard and then delegates to an administrative officer the power of determining 'whether in particular instances such standard is conformed to. That is not, however, this case. Certainly there is nothing that can come before the council of greater moment than the prescription of the limited uses to which real property may be put. It thereby affects, for better or worse, the value of all property in that locality. It is only in recent years that such power has been sustained at all, and certainly nowhere has it ever been determined that such great power can be delegated by a legislative body to a ministerial officer.

The council was without authority pending the passage of a general zoning ordinance to confer upon the defendant the power claimed by him by virtue of Section 13. That section of the ordinance is void.

The relator was entitled to a permit under Section 3 of the ordinance, which is admittedly a valid section.

A writ of mandamus is awarded as prayed for.

Richards and Lloyd, JJ, concur.