## MEHL v STEGNER

Ohio Appeals, 1st Dist, Hamilton Co
No 3682. Decided July 7, 1930

Zielonka & Kuertz, Cincinnati, for Mehl.

John D. Ellis and Edward F. Alexander, both of Cincinnati, for Stegner.

ROSS, J.

If street boundaries were to influence the metes and bounds of zones, it would be natural that the limits of Business "A" district should include the entire square north on Reading Road to Lexington Avenue, especially as directly north of plaintiff's property, across Reading Road is Business "A" district.

It is manifest also in this connection that if plaintiff's property is to be continued in a residential district, there being no street intervening between this property on the south and Business "A" district, that its proximity and contiguity to such business district will have a detrimental effect upon plaintiff's property for residence purposes, and this in spite of the fact that directly and adjacent to the east of her property is Residence "B" district. The business district fringe along Reading Road is marked and natural.

Many arguments have been presented pro and con why the plaintiff's property should be included in a residential district, but the controlling criterion has been definitely set out in the case of Nectow v. City of Cambridge, et al., 277 U. S., 183:

"The inclusion of private land in a residential district under a zoning ordinance, with resulting inhibition of its use for business and industrial buildings to the serious damage of the owner, violates the Fourteenth Amendment if the health, safety, convenience or general welfare of the part of the city affected will not be promoted thereby."

A review of the evidence fails to show where the health, safety, convenience, or general welfare of the part of the city affected will in any way be promoted by arbitrarily and unnaturally including the plaintiff's property in a residence district across Lexington Avenue.

The defendants, not having interposed any defense to the granting of the permit other than those predicated upon the application of the zoning ordinances, we hold that the permit must be granted, for the reason that while such ordinances constitute a proper exercise of police power, vested in the city, their application to the particular property involved is not warranted by the existence of any of the factors hereinbefore set forth as required.

Judgment may be entered accordingly.
Cushing and Hamilton, JJ, concur.