## MARBLE CLIFF (Village) v LANMAN

Ohio Appeals, 2nd Dist, Franklin Co
No. 2010. Decided March 5, 1931

W. E. Beney, Columbus, for Marble Cliff (Village).

Addison & Crooks, Columbus, for Lanman.

ALLREAD, J.

We do not vest our decision on the frontage of the real estate. We have considered the case with reference to the provisions as to the Roxbury Road.

The ordinance, as above quoted, would require that the garage be built in the rear of the building facing on Roxbury Road, and not less than a hundred feet from Roxbury Road.

We are aware that the Supreme Court has been liberal in the interpretation of zoning ordinances.

The case of **Pritz v Messer**, reported in **112th Oh St, at page 628**, is a leading case upon this subject. Judge Allen, who wrote the opinion, deals with the principles underlying zoning ordinances, and holds those to be valid in view of the implied benefits arising out of proper zoning of the city. It is clear that in that case the entire city of Youngstown was zoned, the business section, the residence section and other sections of the city, and that the zoning ordinance was upheld.

In the succeeding case, **112 Oh St p. 654**, it was held that the city had no right to zone a part thereof, but to be valid the ordinance must cover and provide for the entire city.

It was held in the case of Pritz v Messer that the ordinance must be reasonable, and

while a presumption of reasonableness must be conceded in the ordinance, the question of the reasonableness of the ordinance is not foreclosed.

In the case of **State ex rel v Dauben, Building Inspector, 99 Oh St 406,** it was held that ordinances may be impeached because they are unreasonable.

See also the case of **City of Cleveland v Lenze, 27 Oh St 384. Cincinnati v Cook, 107 Oh St 223. State ex rel v Cleveland, 20 C. C. (N.S.) 538.**

We can not escape the conclusion that the ordinance under consideration especially as to the location of garages is unreasonable and discriminatory. The ordinance provides merely for a prohibition against the location and construction of detached garages. There is no prohibition of built-in garages or garages attached to a residence. It can not be claimed, that a detached garage is more dangerous to the public than an attached garage or built-in garage. The claim, in our judgment, as to garages in a village like Marble Cliff is that it is dangerous as a fire hazard.

The zoning ordinance does not provide against the building of the garage so near any building as to be dangerous from fire. The provision as to the detached garage being located within a certain distance from the street is in the nature of uniformity. No distance between the other buildings and the garage is prescribed. The garage may, under the ordinance, be built immediately in the rear of the other building and it may therefore be inferred that this provision of the zoning ordinance was not intended as a fire precaution but to prevent the garages from being seen from the street. See **Mehl v Stegner (Ohio Law Abstract, Feb. 23, 1931, 9 Abs 266),** decided by the Court of Appeals.

The witness, William T. Tremaine, called by the Village testifies on page 45:

"In other words, there would be nothing wrong with it as a site for a garage?

A. Except that it is unsightly is all."

While this opinion of the witness is not conclusive yet it should have its weight.

We are also of opinion that in a village like Marble Cliff there are many built-in garages and a few attached garages that are quite as dangerous as one built like the present.

We therefore reach the conclusion that the ordinance in respect to the location and building of detached garages is unreasonable, and incapable of enforcement.

The petition must, in our judgment, be dismissed.

HORNBECK and KUNKLE, JJ, concur.