STORIER *v.* HEASLEY ET AL.

(Decided September 10, 1935.)

Mr. *Lewis L. Guarnieri* and Messrs. *Barnum, Hammond, Stephens & Hoyt,* for plaintiff in error.
Mr. *George Buchwalter,* for defendants in error.

NICHOLS, J. This cause comes into this court on error from the Court of Common Pleas of Trumbull county, Ohio, wherein Anna N. Storier instituted her action in mandamus against the City Planning Commission of Warren, Ohio, the members of the Board of Appeals of the City Planning Commission of Warren, Ohio, the Building Inspector of the city of Warren, Ohio, and the city of Warren, Ohio, praying that the defendants in error be compelled to issue a permit for the erection of a gasoline station on the premises owned by Anna N. Storier in the city of Warren, Ohio, and further praying that these defendants be compelled to change the classification of plaintiff's property from "Residence B" to "Commercial."

The case was submitted to the trial court upon an agreed statement of facts, which agreed statement of facts constitutes the bill of exceptions in this error proceeding.

At the January term, 1935, of the Court of Common Pleas, these defendants recovered a judgment by the consideration of that court against Anna N. Storier, on all the issues raised by the pleadings and the evidence in the case. Motion for a new trial was duly filed and overruled by the trial court, and this Court of Appeals is now asked to reverse the judgment of the trial court, the following propositions, as prejudicial error against the plaintiff below, being asserted as grounds for reversal of the judgment of the trial court:

"First: Said court erred in overruling motion of plaintiff in error for a new trial.

"Second: Said court erred in overruling motion of plaintiff in error to arrest case and grant final judgment to the plaintiff in error.

"Third: The judgment of the court is not sustained by sufficient evidence.

"Fourth: That the judgment of the court is not sustained by law.

"Fifth: That the judgment of the court below should have been for the plaintiff in error and not the defendants in error."

In the brief of plaintiff in error the arguments and the law cited are stated to be applicable to all the assigned grounds of error, and it is admitted that plaintiff in error has not, at any time, raised the question as to the constitutionality of the zoning ordinance of the city of Warren, and that the only question involved is whether or not the inclusion of the property owned by the plaintiff in error in the "Residential B" district under the zoning ordinance of the city of Warren, under the facts and circumstances existing, was such that it violates the Fourteenth Amendment of the United States Constitution.

As sustaining the contention of plaintiff in error that the facts and circumstances shown in this case were such that the inclusion of plaintiff's property in "Residential B" district violates the Fourteenth Amend-

ment of the United States Constitution, we are cited by plaintiff in error to the following three cases:

(1) *Mehl* v. *Stegner, Dir. of Dept. of Bldgs.*, 38 Ohio App., 416, 175 N. E., 712 (syllabus): "The inclusion of private land in a residential district under a zoning ordinance, with resulting inhibition of its use for business and industrial buildings to the serious damage of the owner, violates the Fourteenth Amendment of the United States Constitution, if the health, safety, convenience or general welfare of the part of the city affected will not be promoted thereby."

(2) *Nectow* v. *City of Cambridge*, 277 U. S., 183, 72 L. Ed., 842, 48 S. Ct., 447 (syllabus): "The inclusion of private land in a residential district under a zoning ordinance, with resulting inhibition of its use for business and industrial buildings to the serious damage of the owner, violates the Fourteenth Amendment if the health, safety, convenience, or general welfare of the part of the city affected will not be promoted thereby."

(3) *City of Cincinnati* v. *Struble*, 30 N. P. (N. S.), 380, paragraph one of the syllabus: "Governmental interference with the general rights of the land owner by restriction upon a character of his use is permissible only where such restriction bears a substantial relation to the public health, safety, morals or general welfare."

From these three authorities it is the claim of plaintiff in error that, although the city has a right to pass an all-inclusive zoning ordinance, where the use of the land is restricted to residential purposes in a district adjacent to unrestricted property and there is no necessity for inclusion therein by reason of the health, safety, convenience and general welfare of the inhabitants of the part of the city affected, such restrictions are in violation of the Fourteenth Amendment to the Federal Constitution.

In the brief of counsel for defendants in error, as well as in oral argument, it seems to be conceded that if the

classification of the property of plaintiff in error as "Residential B" has no real or substantial relation to the public health, safety, morals, convenience and general welfare of the inhabitants of the part of the city affected, such restrictions as have been placed upon plaintiff in error's property would be in violation of the Fourteenth Amendment. But it is the claim of defendants in error that the evidence contained in the agreed statements of facts supports the judgment of the trial court for the reason that such evidence preponderates in showing that the public health, safety, morals, convenience and general welfare of the inhabitants of that part of the city wherein plaintiff in error's property is located would be injuriously affected by the erection of a filling station on the property of plaintiff in error, and by the change of the classification of her property from "Residence B" to "Commercial." It is further claimed by defendants in error that this court in hearing this cause upon error can not reverse the judgment of the Common Pleas Court unless such judgment is against the manifest weight of the evidence and is such as to show that the defendants have been guilty of gross abuse of discretion in refusing to change the classification of plaintiff in error's property, and in refusing to grant a permit for the erection of a gasoline station thereon.

This court finds and holds that the judgment of the Common Pleas Court can not be reversed unless such judgment is manifestly against the weight of the evidence upon the question whether the change prayed for in plaintiff's petition and the issuing of a permit as therein requested would adversely affect the health, safety, convenience and general welfare of the inhabitants of the part of the city wherein the property of plaintiff in error is located, and this court further finds and holds that it can not reverse the judgment of the trial court unless the evidence preponderates in showing an abuse of discretion upon the part of the defend-

ants in error, and unless it is plain that the health, safety, convenience and general welfare of the inhabitants of the district are not affected.

It is a well established principle that where municipal authorities are acting within their well-recognized powers, or are exercising a discretionary power, the court has no jurisdiction to interfere unless the action of such municipal authorities is tainted with fraud, or the power or discretion is being manifestly abused to the oppression of the citizen. The principle is stated in 4 Pomeroy's Equity Jurisprudence (4th Ed.), 4094, Section 1765, under Municipal Corporations, from which we quote:

" 'The court will not interfere to see whether they are acting wisely or judiciously.' " " 'Where legislative power is conferred upon [an incorporated city] by the state, it is necessary that a degree of freedom should be allowed in its exercise; otherwise, the city would be so hampered in the government of its people as would defeat the very ends of its incorporation. Hence it is that the state courts will never interfere with the free exercise of such rights as are left to the discretion of a corporate authority, unless such authority should go beyond the scope of power delegated, or unless the discretion given should be abused by an arbitrary exercise thereof, and by a plain and unwarranted violation of private rights.' "

See *Hadacheck* v. *Sebastian, Chief of Police of the City of Los Angeles,* 239 U. S., 394, 60 L. Ed., 348, 36 S. Ct., 143.

"Mandamus is a writ commanding a public board or official to perform an act which the law specially enjoins as a duty resulting from an office, trust or station, and will issue only when it is clearly shown that there is a plain dereliction of such duty." *State, ex rel. Van Harlingen,* v. *Board of Education of Mad River Town-*

*ship Rural School District,* 104 Ohio St., 360, 136 N. E., 196.

"Mandamus will lie to compel the performance of an act which is clearly shown to be especially enjoined by law as a duty resulting from an office, trust or station. But it will not lie to control discretion unless it be clearly shown that the refusal by the one occupying the trust or station to perform the desired act is an abuse of discretion. *(State, ex rel. Milhoof,* v. *Board of Education,* 76 Ohio St., 297, approved and followed.)" *Board of Education of Sycamore* v. *State, ex rel. Wickham,* 80 Ohio St., 133, 88 N. E., 412.

It would not be conducive to any purpose in this case for the court to make a recital of the facts set forth in the bill of exceptions and the exhibits attached thereto and made a part thereof, as these facts are well known to counsel for both parties to this proceeding. It is, perhaps, sufficient to say that the record discloses that the property of plaintiff in error is located on the east side of Mahoning avenue, and is bounded on the north by Belmont street, and that Mahoning avenue for at least four blocks south of Belmont street to the intersection with High street has for a great many years been one of Warren's finest and oldest residential districts, the lots abutting on Mahoning avenue being occupied by the homes of many of the prominent and influential citizens of Warren.

The record further discloses that the basis of this action is for the purpose of permitting the plaintiff in error to receive the financial benefits arising from a lease which she has made to the Sun Oil Company, whereby said company is to build a gasoline filling station on the lot owned by plaintiff in error, situated at the southeast corner of Belmont street and Mahoning avenue. There can be no doubt from the record that a change in the classification of property of plaintiff in error from "Residence B" to "Commercial," under the zoning ordinance, and the issuance of a permit to

build the gasoline filling station on her lot, would be of great financial advantage to plaintiff in error. But from the record we can gather no inference that the action of the defendants in error, in refusing the demands of the plaintiff in error, as above indicated, is in any manner tainted with fraud, nor can we see from the record that there has been a showing made by plaintiff in error that said defendants have been guilty of gross abuse of discretion in refusing to change the classification of plaintiff's property, or in refusing to issue the permit to build a gasoline station on her property.

Under the decisions of the Courts of Ohio it can not be said that the erection of a gasoline filling station in an essentially residential section of a city would be other than detrimental to the health, safety, convenience and general welfare of the inhabitants of the part of the city affected, and, therefore, it can not be said that the restrictions contained in the zoning ordinance of the city of Warren, wherein plaintiff in error's property is designated as "Residence B," amounts to a violation of the Fourteenth Amendment to the Constitution of the United States.

We deem it necessary to refer to the most recent case of *State, ex rel. Standard Oil Co., v. Combs, Dir. of Public Service of City of Zanesville*, 129 Ohio St., 251, 194 N. E., 875, from which we quote:

"While it may be conceded that a filling station situated in a proper locality is not a nuisance *per se*, yet since it has the potentiality of becoming such, it is subject to proper police regulation by proper authorities. *City of Muskogee* v. *Morton*, 128 Okla., 17, 261 P., 183; *Martin* v. *City of Danville*, 148 Va., 247, 138 S. E., 629; *Reinman* v. *City of Little Rock*, 237 U. S., 171, 59 L. Ed., 900, 35 S. Ct., 511. * * *

"Unlike many other businesses, filling stations which deal in inflammable substances such as gasoline and oils, and which give frequent service to passing

automobiles, possess unusual hazards. *People, ex rel. Busching, v. Ericsson,* 263 Ill., 368, 105 N. E., 315. If the legislation has a real and substantial relation to the needs of public welfare, morals or public safety, and is not arbitrary and unreasonable in character, the courts generally have upheld the power of regulation, even though it sometimes interferes with private rights.'' *Pritz v. Messer,* 112 Ohio St., 628, 149 N. E., 30. * * *

''But here the stipulated facts disclose that the property, upon which the filling station proposed to be constructed was located, was a corner of two avenues in the city of Zanesville, one of which is very much traveled; that the proposed filling station was to be located in a residential district, and would be surrounded by large residences. We think the city council could exercise this prohibitory power in a location of this character, and we think that its right to do so is supported by authority.''

It is the finding of this court that the judgment of the Common Pleas Court is not manifestly against the weight of the evidence, is not contrary to law, that no prejudicial error exists upon the record, and that substantial justice has been done. The judgment of the Common Pleas Court is therefore affirmed.

*Judgment affirmed.*

CARTER and ROBERTS, JJ., concur.