**OTTAWA (village) v
ODENWELLER MILLING CO et**

Ohio Appeals, 3rd Dist, Putnam Co

Decided Jan 9, 1936

Jos. J. LaBadie, Ottawa, and E. F. Weiser, Ottawa, for plaintiff.

Wheeler, Bentley, Neville & Cory, Lima, and Claude Recker, Ottawa, for defendants.

## OPINION

By GUERNSEY, J.

Under the pleadings and the evidence, the following questions arise:—

First. Is ordinance number 392 establishing restricted area or zone, a valid enactment?

Second. Does the fact that the view of persons approaching the railroad crossing on Third Street from the east will be obstructed by the erection of the proposed elevator constitute a ground for injunction against the construction of the same?

Third. Does the fact of the situation of said proposed building with reference to the location of the entrance of the fire department building constitute a ground for injunctions?

Fourth. Has the use of a portion of said premises for traffic constituted a dedication of such portion of said premises for public use so as to preclude the construction of said elevator on such portion of said premises?

Fifth. A building permit not having been issued is the village entitled to an injunction; or is the defendant Odenweller Milling Company entitled to a mandatory injunction to compel the issuance of a building permit by the mayor for the construction of said building?

These questions will be discussed in the order mentioned.

1. Municipalities derive their authority to adopt zoning ordinances, from §§4366-1 to 4366-19, GC, both inclusive, and/or §3 of Article XVIII of the Constitution of Ohio.

The ordinance in question does not in any respect comply with the provisions of the sections of the General Code mentioned, and is not in any way an exercise of the power vested in municipalities by such sections and consequently the authority of the municipality in the case at bar to adopt such ordinance is based on the provisions of §3 of Article XVIII of the Constitution, above referred to, which reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other simi-

lar regulations as are not in conflict with the general laws."

In the case of Wondrak v Keller et, 129 Oh St, 268, 2 OO, 159, it was held:

"If it is clear that police regulations adopted by municipal councils are arbitrary or unreasonable and have no substantial relation to the public health, morals, safety or public welfare, it becomes the duty of the court to declare such regulations to be invalid."

In McQuillen on Municipal Corporations, Second Edition, Volume 3, at page 326, the author, in commenting upon zoning regulations similar to that incorporated in ordinance number 392, says:

"On examination and study of this subject it is often found that certain cities endeavor to apply specific regulations to parts of their territory leaving other parts without such regulations. In such cases disapproval of the courts may result, because the fundamental principle applicable is that all property situated substantially similarly should in the view of the law be treated alike. * * *"

"Zoning regulations, like the exercise of the police power in all respects, and, indeed, all action by the city under a general grant of power, must be reasonable, which means that no discriminations are permitted; all must be afforded equal protection of the law; and any classification adopted as a ground for different regulations must rest upon reason and the classification, must treat all whose property is in the same, or substantially the same, condition alike, to the end that all will be accorded due process of law and equal protection of the laws as the Constitution requires. If the regulations are the same throughout the city no constitutional objection can be interposed, provided they are reasonable and within the range of the police power, but when they vary in different parts of the municipal area, they may or may not be constitutional. This will depend upon the facts of each particular case.

"While as expressly authorized by many of these laws, conferring in terms the power to zone, the regulations in one or more districts may differ from those of other districts, nevertheless uniformity in this respect for each class of buildings throughout each district is required. Unreasonable discriminations are thus sought to be avoided, or indeed, it may be said they are plainly forbidden by implication. In utilizing such permissive legislation the local au-

thorities are thus reminded to recognize in their ordinances and the practical administration of the regulations, restrictions or prohibitions which they deem necessary to impose, the distinction established by the law between trades and industries considered dangerous, unwholesome or offensive and those which are not so, and by so doing, keep within the law and refrain from invasion of property rights. To illustrate, if the regulations, restrictions or prohibitions as to the location of buildings should be confined to those designed for specific uses, whether such uses are offensive or may become so, or otherwise; if all trades and industries are included, and no separation is made of those which are offensive or public nuisances, or which, by reason of conditions, may become so, from those which are innocuous, entirely legitimate and wholly inoffensive; in short, if any trade or industry, whatever its nature, may be excluded from any established district, or be subjected to special regulations, it is needless to say that the method would not be upheld by the courts.

"The reasonable classifications of zoning districts, therefore, is the first step."

In the case of Pritz v Messer et, 112 Oh St 628, the validity of an ordinance enacted by a municipality under Article XVIII, §3 of the Ohio Constitution, and under §§4366-1 to 4366-12, GC, dividing the whole territory of a municipality into districts according to a comprehensive plan which, in the interests of the public health, public safety and public morals, regulates the uses and the location of buildings and other structures and of premises to be used for trade, industry, residence, or other specific uses, was upheld, while in the case of City of Youngstown et v Kahn Brothers Building Company, 112 Oh St 654, a provision in the zoning ordinance establishing a fraction only of the territory of a municipality into a district, and providing that no building which is intended to be used as a dwelling shall be erected within the district except as a single or two family dwelling, was held invalid on the facts presented by the record. And in the opinion of the court in this case, the distinction between a comprehensive zoning ordinance and a so-called "block ordinance" relating only to a certain small district of a municipality, noted in McQuillen on Municipal Corporations, supra, is recognized.

The ordinance in the case at bar makes it unlawful for any person to erect or construct upon any premises within the zone or area created, any building or buildings

which shall be used for or designed or intended to be used for, a grain elevator, grain storage house, flour mill, public automobile garage, coal shed or stone shed.

None of the structures mentioned nor the prohibited use thereof, constitute nuisances per se, and these is no provision of the ordinance prohibiting the erection or use of buildings within the restricted area for industrial purposes similar to the prohibited purposes, or prohibiting the erection or use of buildings within the restricted area for purposes which are offensive or public nuisances or which by reason of conditions may become so; or prohibiting industries generally.

Under the evidence, that part of the restricted zone between Second Street on the south, Taft Avenue on the west, Oak Street on the east, and a line 230 feet north of and parallel to the center line of Third Street, on the north, in which the grain elevator is proposed to be built is adapted and exclusively devoted to commercial and industrial purposes.

The ordinance is therefore unreasonably discriminatory in that it deprives owners of property of the use of their property for certain specified purposes, while it does not deprive owners of their property or the use of such property for similar purposes, and in that it does not treat all whose property is in the same, or substantially the same, condition, alike; and in that it deprives persons of property without due process of law and denies to persons the equal protection of the law.

The ordinance is therefore void as being in violation of §§1 to 19 of Article I of. the Constitution of the State of Ohio, and §1 of Article XIV of the Amendment to the Constitution of the United States.

And considered as a stop-gap ordinance designed to preserve the status quo pending the adoption of a comprehensive zoning ordinance, it is likewise invalid. State ex v Kreazweiser, 120 Oh St; and State ex Greve v Guion, 117 Oh St 327.

2. As an incident to the constitutional rights of acquiring, enjoying, possessing and protecting property, an owner of real estate is entitled to erect such structure thereon as may be necessary or convenient to his enjoyment thereof, subject only to the constitutional limitation that the exercise of such right shall be subservient to the public welfare, and the mere fact that the erection of certain structures thereon may tend to obstruct the view of railroad tracks, of persons approaching a public railroad crossing does not of itself preclude the owner from the right of erection incident to such ownership, and he can be deprived of such right only by condemnation for public use and payment of compensation, in accordance with the provisions of §19 of Article I of the Constitution.

The anticipated obstruction of view therefore constitutes no ground for injunction.

3. Applying the same reasoning, the right of the owner to erect buildings necessary or convenient to his enjoyment of his property, is not abrogated by the fact that persons transacting business at such building may by parking cars along the curb adjacent to such building obstruct the passage of fire apparatus.

The village has a complete and adequate remedy at law to prevent such contemplated situation by regulating such parking by ordinance or by condemning the property for public use, and is not entitled to injunction.

4. Neither the allegations of the amended petition, nor the evidence, disclose facts essential to establish either the dedication for public use of or title by prescription of any portion of the premises on which said elevator is proposed to be located, as the use alleged and established was permissive and not adverse. Railroad Company v Village of Roseville, 76 Oh St 108.

The claimed public right in the premises therefore affords no ground for injunctive relief.

5. The evidence in the case at bar establishes the fact that the plaintiff Milling Company made proper application in writing to the mayor of the village for a building permit, pursuant to the provisions of Ordinance Number 304 of the village and that there was filed with said application a set of plans and specifications for said building which had been approved orally by the Department of Industrial Relations, Division of Factory and Building Inspection, of the State of Ohio, in accordance with §§12600-296-297, GC, and that it was not the custom or practice of said department to stamp its approval on plans and specifications approved by it, or to write letters of approval thereof and that for these reasons the applicant was unable to secure either stamp or letter of approval by said department at the time said plans and specifications were filed with said application, and that the Milling Company is ready, able and willing to pay the fee of fifty cents for said permit as required by said ordinance. Or, in other words, the evidence establishes that the Milling Company fully complied with all the terms and provisions of said ordinance essential to entitle it to the issuance of permit, unless

the failure of the plans and specifications to bear the stamp of approval and to be accompanied by a letter of approval of said department, justifies the mayor in refusing to issue such permit.

Secs 12600-296 and 297 GC do not require that the approval by the department, of plans and specifications be by stamp or letter of approval, and under this section an oral approval is as valid as a written approval. The building permit ordinance could not legally require a form of action from a department of the state government not required by statute nor require an applicant, as a condition to securing a permit, to require such extra statutory action from such department and the part of such ordinance requiring such stamp and letter of approval, is void.

As the Milling Company has complied with all the valid requirements of the ordinance, it is entitled, under the evidence, to a building permit as a matter of right. This right is a right that may be enforced by mandatory injunction as well as by mandamus, and is properly enforceable in this action.

However, the defendants Milling Company and Odenweller in their cross-petition have failed to aver the facts necessary to entitle them to relief by way of mandatory injunction to compel the issuance of such permit and have also failed to make the mayor of the village, in whom the duty of issuing building permits is vested by the building permit ordinance, a party defendant to said cross-petition, and in order to afford such relief in this action it is therefore necessary that the petition be amended to conform to the evidence and that the mayor be made a party defendant to the cross-petition, and pursuant to the provisions of §11363 GC, 8 Oh St 132, leave will be given to the defendants Milling Company and Odenweller, within ten days after the announcement of this decision, to amend their answer and cross-petition to conform to the evidence, and to make the mayor of the village a party defendant thereto, and if this is done within the period mentioned, this cause will be continued for further submission on the issues that may arise between said Milling Company and Odenweller and such mayor on said amended cross-petition. Otherwise a decree will be entered finding for the plaintiff on the sole ground that a building permit has not been secured for the erection of such building in conformity with ordinance number 304, and enjoining such construction until permit is secured, and denying relief to defendants on their cross-petition, at costs of defendants.

KLINGER and CROW, JJ, concur.