**MURDOCK et v NORWOOD (city)**

Ohio Common Pleas, Hamilton Co

Decided Sept 28, 1937

Sanford A. Headley, Cincinnati, for the plaintiff.

William M. Fridman, City Solicitor, Norwood, for defendant.

## OPINION

By GORMAN, J.

This is an action to enjoin the city of Norwood from enforcing certain portions of the zoning ordinance of that city as they now apply to certain property owned by the plaintiff at the intersection of Williams Avenue, Smith Road and Duck Creek road.

The particular property is now placed in a Residence "B" classification. Gasoline and filling stations under the Norwood Zoning Ordinance are prohibited in such a zone.

The zoning ordinance of Norwood was adopted on May 29, 1929, and at that time the property in question was placed in Residence "B" district. In June 1934 an application was made to the Planning Commission which thereupon recommended to council that this property be placed in a business district. The city council of Norwood had a public hearing on September 7, 1934, upon an ordinance introduced to effect the change, but since that time no action has been taken.

The sole question presented in this case is whether by the operation of this ordinance the constitutional rights of the plaintiff under the Fourteenth Amendment of the United States Constitution have been violated.

The city of Norwood under its police powers had the right to enact a zoning ordinance and this is not disputed by counsel for the plaintiff. Euclid v Ambler, 272 U. S. 365; Berry v Houghton, 273 U. S. 671; Zahn v Board of Public Works, 274 U. S. 325; Gorieb v Fox, 274 U. S. 603; 54 A. L.R. 1030.

If the restrictions in the ordinance have any real or substantial relationship to public health, safety, morals or general welfare of the community the provisions should be sustained in all cases. State ex City Ice & Fuel Co., 120 Oh St 418. On the other hand, in an unanimous opinion the Supreme Court has said that the power is not unlimited and that if such relationship did not exist the provisions of the ordinance would not be applied. Nectow v City of Cambridge, 277 U. S. 183, followed in Cincinnati v Struble, 30 N.P. (N.S.) 380; Mehl v Stenger, 38 Oh Ap 417 (9 Abs 266).

The sole question presented is whether this provision of the ordinance which prevents the plaintiff from erecting a gasoline station on this corner bears any substantial relationship to the health, safety, morals or general welfare of the community.

A filling station is not a nuisance per se, and the damages or risks to adjoining property are "only such as are incident to the proper and lawful use of one's property." Powell v Craig, 113 Oh St 245. Frequently ordinances prohibiting a non-nuisance in a residence district have been held invalid by the courts. Youngstown v Kahn Building Co., 112 Oh St 654, 664.

This does not mean that in all residence districts non-nuisance buildings are permitted, for invariably in strictly residential districts gasoline stations are prohibited by ordinances which are valid. It simply means each case must be decided upon its own facts.

In this particular locality on Duck Creek road the plaintiff's property is in a hol-

low. The testimony is to the effect that it was formerly a swamp and that it rests upon filled ground.

The exhibits show that there are billboards now on the premises, and the condition of the particular spot is not one of beauty or one portraying a healthful situation. The principal objection made is twofold.

First, it is said that if this corner is rezoned all the corners must be re-zoned. Secondly, there is not so much fear that a gasoline station will cause damage, but there is definite alarm that the property being placed in a business zone might be the site of enterprises which would be highly objectionable.

This property coming to a point could be placed in a business district without the necessity of the other corners so being placed. The argument for such a change of all the corners is that it shows discrimination. No such discrimination appears here, in view of the fact that there are four corner lots coming together at this point.

The presumption is that the ordinance is a valid one, and that council acted in good faith. The burden to show the contrary is upon the plaintiff. See American Wood Products Co. v Minneapolis, 35 Fed. (2nd) 657; 86 A.L.R. 665.

Mere aesthetic considerations are not to be considered by the court, but the ·health, safety, convenience or general welfare of the people is paramount. **State ex Seigler v Woodworth, 33 Oh Ap 406 (7 Abs 533),** Nectow v City of Cambridge, supra.

As said in State Bank Co. v Wilmette, 358 Ill. 311:

"It may be further observed that ordinances duly enacted lie behind the bulwark of presumptive validity and the burden is upon one assailing them to reduce that shelter, but neither the study and investigation of zoning commissions nor the presumptive validity of the ordinance is controlling in the test whether the ordinance is a reasonable exercise of the police power. The matter is to be decided from all the facts and circumstances shown."

This court feels too much emphasis is placed by the city upon the effect a change in zone might have on the other corners. The court cannot see the connection between this corner and the others, as this one comes to a point in a peculiar situation.

The testimony offered, and it is not controversial that this particular corner could not be used for residential purposes. There is evidence that a former owner once fixed a certain price on the property for residence purposes, and another price for business purposes. That may very well have been that at one time it could be considered for residence purposes. As the court views it, it is without value as a residence site today.

Years ago people were dependent entirely on restrictions in deeds for protection from encroachments deemed undesirable. Today zoning ordinances attempt to supply that which by deed owners did not include. Such attempts to control the use of property cannot cause such pecuniary loss that will deprive the owners of all the benefits of their property. See Del Fanna v Sherman, 107 Cal. App. 746; Eaton v Sweeney, 257 N. Y. 176; State ex Taylor v Jacksonville, 101 Fla. 124; Sundlun v Zoning Board of Review, 50 R. I. 108.

Giving every reasonable consideration to the presumptions of validity, and realizing that Council should have a wide discretion, the court cannot conclude that the corner in question could be used for residence purposes.

The City of Norwood has permitted billboards to be maintained at this intersection. While the lot in question has been used for the storage of machinery, in its present state it is far from attractive.

The court feels that the present uses of the property are far more injurious to the health, safety and convenience of the public than a gasoline station.

This property is on lowlands on a busy thoroughfare which Council, pursuing a shortsighted policy, is attempting to keep in a residence district. If the lots on the other corners were attempted to be changed there might be some reason to understand the action of Council in denying such a change. They are situated on high ground and residences adjoin.

As the court understands the rule of the zoning boards that all corners should be in the same zone this rule has never received judicial sanction in all cases. In this case the court would see no reason for changing all corners simply because one of the six was changed. In fact the change of this corner should have no effect upon the others.

There is no claim that plaintiff is to

maintain a nuisance. If he did this court would intervene.

Solely because of the peculiar conformation of the land, its former swampy condition, and its inadaptability for residence purposes, the court is simply holding that Council is unreasonably depriving him of the use of his property by preventing plaintiff from 'erecting a gasoline station.

An entry may be presented accordingly.