## MIAMISBURG (City) v CLAYMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1665. Decided May 20, 1941

Rex E. Weaver, Miamisburg, for plaintiff-appellee.

Irvin Carl Delscamp, Dayton, for defendant-appellant.

### OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Municipal Court of Miamisburg, Montgomery County, Ohio.

On April 6, 1940, the defendant, Irving Clayman, was arrested on a warrant issued from the Municipal Court of the City of Miamisburg, charg-

ing that the said Irving Clayman did unlawfully use a building in said city for the storage of junk, to-wit: paper, cardboard, and rags, and did wilfully and unlawfully store such junk in said building located on Lock Street and the Big Four Railroad in said city, contrary to the form of the ordinance of said city in such cases made and provided, etc.

Defendant attacked the affidavit by demurrer, which was overruled. Thereafter he entered a plea of not guilty, and the cause was submitted to the trial court on an agreed statement of facts, following which the defendant was found guilty and sentenced to pay a fine. Motion for new trial was filed, overruled and final judgment entered. Within statutory time the cause was lodged in our court as an appeal on questions of law.

The assignments of error are as follows:

1. The court erred in overruling the demurrer to the affidavit.

2. The court erred in overruling defendant's motion to arrest judgment and for a new trial.

3. That Ordinance No. 189 of the City of Miamisburg, Ohio, and Section 7 thereof, under which the affidavit was drawn charging an offense that the defendant-appellant stored paper, cardboard and rags in his property is unreasonable, discriminatory, oppressive and in violation of **Article I, Paragraphs 1 and 19, of the Ohio Constitution**; and of Article XIV, ¶i, of the Constitution of the United States.

Ordinance 189 has the following title:

"To provide for the regulation, restriction and limitation of uses and location of buildings or other structures and premises in the City of Miamisburg, hereafter erected or altered in said city, (including percentage of lot occupancy, set back building lines and area of yards, courts and other open spaces)."

Section 7 of the ordinance reads as follows:

"No building or premises shall hereafter be erected, altered or used in any district for any of the following purposes: Multiple dwelling (except as provided in Section 6 of this plan), bill boards or advertising signs, refuse dumps, veterinary hospitals, scrap iron or junk storage, reduction plants, sewage disposal plants, explosive storage, wholesale produce, manufacture of fertilizer, acids, explosives, glue or soap, stock yards or any other purpose which may cause noxious odors, danger of explosion, undue fire hazard, or such noise as to be a public nuisance. No premises shall be used for sand or gravel pits except by special permit issued by the Plan Board on satisfactory guarantees that such pit will be properly refilled to suitable elevation for building permits within reasonable time."

The affidavit adequately charges a violation of Section 7. Section 9 prescribes the penalty for the violation of the various sections of said Ordinance.

The agreed statement of facts described defendant's building in detail, its proximity to other structures and a statement that at the time named in the affidavit there was stored in said building sixty bales of paper. These bales of paper were 5 feet in height and 3½ feet in width.

The only claim of substance argued by counsel for the appellant is that the ordinance as it applied to the defendant is unconstitutional.

It is well recognized that legislation in the nature of zoning ordinances or the prescribed use of buildings is only authorized under the exercise of a police power, having relation to public health, safety, morals or general welfare. Under ¶3 of Art. XVIII of the Constitution of the State of Ohio, municipalities are given authority to exercise all powers of local self-government, and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws. It has been universally

determined that every act of a legally constituted body is prima facie constitutional. It is also well recognized that the private use of one's property may not be interfered with except that private property is subservient to public welfare. Courts are bound to respect the acts of local legislative bodies as to what is reasonable legislation for the public welfare. This is upon the theory that the city council is in better position to understand and note the needs of the community than a reviewing court. It frequently happens that there are well grounded arguments on both sides, but a court will not inject its view except where it clearly appears that there has been an unmistakable infringement of the rights of private property or its use.

We have examined the following cases and authorities:

28 O. Jur. 501;

Euclid v Ambler R. R. Co., 272 U. S. 365;

Hadacheck v Sebastian, 239 U. S. 394;

Chicago & Alton R. R. Co. v Tramberger, 238 U. S. 67;

Jacobson v Mass., 197 U. S. 11;

Jay Burns Baking Co. v Burns, 264 U. S. 505;

Pritz v Messer et, 112 Oh St 628;

Central Trust Co. v Cincinnati, 15 OO 378;

Davis v State, 119 Oh St 25;

11 Am. Jur., 1087;

Washington ex rel Seattle v Roberge, 278 U. S. 116;

Mehl v Stegner, 38 Oh Ap 416;

Terrace Park v Errett, 12 Fed. (2d) 240;

Marble Cliff Village v Lanman, 10 Abs 653;

Ottawa Village v Adenweller Milling Co. et, 20 Abs 664.

While not free from doubt, we are unable to conclude that the record in the instant case affirmatively presents manifest error.

The judgment of the trial court will be affirmed and costs in this court adjudged against the appellant.

Entry may be drawn accordingly.

GEIGER, PJ. and HORNBECK, J., concur.