## AMERICAN OIL & REFINING CO. v. BEVERIDGE et al.

No. 26025.    June 2, 1936.

Bliss Kelly, for plaintiff in error.

Harlan Deupree, Municipal Counselor, for defendant in error J. L. Beveridge, Acting Building Superintendent.

Conrad C. Mount, for defendant in error Gas Development Corporation.

OSBORN, V. C. J.    This is an appeal by the American Oil & Refining Company, hereinafter referred to as plaintiff, from a judgment of the district court of Oklahoma

county refusing a permit to drill an oil and gas well within the U-7 drilling zone of Oklahoma City. The application was duly filed with the building superintendent, and from an order refusing to grant said permit an appeal was taken to the board of adjustment. Numerous protests were filed by interested parties, and after a hearing said board affirmed the order of the building superintendent, and an appeal was taken to the district court of Oklahoma county, which likewise refused same.

Plaintiff's application was for a permit to drill a well for the production of oil and gas upon the following described property:

"All of blocks eighteen (18) and nineteen (19) Phillips & Meads East Side addition to Oklahoma City, Oklahoma, and the north fifty (50) feet of the right of way of the C., R. I. & P. Railway Company from the east line of Laird avenue produced south to the east line of section thirty-four (34), township twelve (12) north, range three (3) west."

In order to clarify the issues involved herein, it will be necessary to refer to certain other proceedings involving the property above described. It appears that W. B. Skirvin, the assignor of the lease to plaintiff herein, and the Jacobs Oil Corporation were the owners of oil and gas leases covering blocks 18 and 19 of the Phillips & Meads East Side addition to the city of Oklahoma City and a certain portion of the C., R. I. & P. Railroad right of way and the M., K. & T. Railroad right of way adjacent to said lots, and were desirous of communitizing and joining together all of said area for the purpose of recovering the oil and gas therefrom. On January 21, 1932, they entered into a contract providing for the drilling of a well on block 19, said well to be drilled by W. B. Skirvin. It will not be necessary to refer to the various provisions of the contract. It appears that on the date the above contract was entered into there were two cases pending in the district court of Oklahoma county which had been instituted by each of the parties to the contract involving applications for permits to drill upon the above-described property. After the execution of the contract the two cases were consolidated and journal entry of final judgment was entered which in part provides:

"That all of the properties described as follows: All of block 18, Phillips & Meads East Side addition; all of block 19, Phillips & Meads East Side addition; the north fifty feet of the right of way of the C., R. I. & P. Railway Company, from the east line of section 34, township 12 north, range 3 west of the I. M., to the east line of Laird avenue produced south, be and the same are hereby communitized and placed in a drilling area, and, that the well herein and hereby authorized to be drilled, may be drilled upon block 19, Phillips & Meads East Side addition, upon the location heretofore authorized by said board of adjustment."

The judgment further provided that such permit should be without prejudice to any future rights which might accrue to the parties holding a working interest in said property.

Pursuant to the permit granted, a well was drilled upon the premises which for reasons hereinafter set forth was unsatisfactory to plaintiff, and the present application is for a permit to drill a second well on said premises.

In this case it is alleged that by virtue of the contract above referred to it was agreed that the well should be drilled and completed with a nine-inch casing, thereby assuring a large production therefrom, and that said agreement was the controlling and moving consideration between the parties in the making of said contract; that after the completion of said well with nine-inch casing, the same became dangerous by reason of the large amount of oil which the same was capable of producing; the enormous amount of gas pressure therefrom within less than one hour after completion cut away control valves and gates, and by order of the officials of the city of Oklahoma City and the state of Oklahoma the well was killed by pumping mud into the same; that thereafter at great expense new valves and connections were installed and attempts made to recomplete the well, but in such attempt certain equipment became fastened in the well. Thereafter orders were issued by the officials of the city of Oklahoma City denying permission to produce said well through a nine-inch casing, and requiring the size of said casing to be reduced to six and five-eighths inches, thereby reducing the capacity of said well to produce by more than half; that six and five-eighths inch casing was installed in said well after drilling around the lost equipment and the drilling of approximately 6,000 feet of new hole and said well was recompleted. It is further alleged that plaintiff has expended more than $205,000 in the drilling, completion, recompletion, and reconditioning of said well, and on account of the reduced production therefrom by requiring the same to be produced through six and five-eighths inch casing said expense may not be recovered by the production of oil and gas from said well. Plaintiff contends that by reason of the change

or conditions above referred to and of the equities involved herein, it should be granted a permit to drill a well upon block 18 of Phillips & Meads East Side addition.

At the conclusion of the evidence offered in district court the court made certain special findings of fact as follows: That the area upon which plaintiff seeks a permit to drill comprises 4.024 acres; that the tract is composed of blocks and platted tracts within the U-7 zone within the city limits; that the area being less than five acres, the city ordinance (subsection C, section 2, ordinance No. 3944, of Oklahoma City) prohibits the drilling of a second well upon said tract unless within the terms of the exceptions thereof; that the principal and moving consideration for the making of the contract hereinabove referred to was that the parties were to drill the one well permitted with nine-inch casing to the bottom of the hole; that a nine-inch well completed in the Wilcox sand will produce 2.2 times more oil than a similar well drilled under similar circumstances and completed in said sand with a six-inch casing. It was further found that the original well came in with enormous gas pressure and was a producer of 85,000 to 95,000 barrels of oil each 24 hours; that on account of said gas pressure the officials ordered the well killed for the reason that it was a dangerous well, and in so doing acted in good faith and in the public interest. It was further found that it would cost $100,000 to complete the proposed well in block 18, and that on account of the reduced gas pressure the drilling of such well would not cause undue hazard from fire, explosion, or other danger. The court further found that the well which was drilled had produced 347,020 barrels of oil from January 1, 1933, to August 1, 1934, and on account of certain equitable considerations an increased allowable had been allowed by the Corporation Commission in so far as said well was concerned. It was concluded as a matter of law that plaintiff had failed to show sufficient facts to justify an exception to the express terms of the ordinance, and the application for permit was denied.

Plaintiff contends that the finding of the trial court to the effect that the area upon which plaintiff seeks a permit to drill a second well comprises 4.024 acres is against the clear weight of the evidence. Plaintiff contends that said area comprises 5.189 acres, but a review of the record shows that the finding of the trial court is amply supported by the evidence. It is not disputed that the area is platted.

Paragraph C, section 2, ordinance 3944 of Oklahoma City, provides, in part, as follows:

"C. In unplatted tracts no well shall be drilled or put down upon any block or tract of less than 5 acres in area, and in platted tracts no such well shall be drilled or put down upon any block of less than 2½ acres in area, except as otherwise provided. * * *"

In the case of Anderson-Kerr, Inc., v. Van Meter, 162 Okla. 176, 19 P. (2d) 1068, this court held that there are four requirements which must be met before there is authority to grant a permit as an exception to the terms of the above ordinance. They are as follows:

"First: That the granting of such permit would not be contrary to public interest.

"Second: That the literal enforcement of the provisions of the ordinance will result in unnecessary hardship.

"Third: That by granting the permit contrary to the provisions of the ordinance, 'the spirit of the ordinance shall be observed.'

"Fourth: That by the granting of such permit 'substantial justice be done'."

Plaintiff contends that it has met all of the requirements and has shown that a literal enforcement of the ordinance and the refusal to grant a permit as an exception thereto will result in unnecessary hardship to said plaintiff.

In the case of Van Meter v. Wilcox Oil & Gas Co., 170 Okla. 604, 41 P. (2d) 904, this court considered a number of the applicable authorities. We quote from the body of the opinion:

"In considering the basic foundation of zoning ordinance enacted in the proper exercise of police power, financial loss to an individual, firm, or corporation affords no adequate ground for impeding or standing in the way of the general good and promotion of the public welfare. Hadacheck v. Sebastian, 239 U. S. 394, 36 S. Ct. 143, 60 L. Ed. 348; Ex parte Hadacheck, 165 Cal. 416, 132 P. 584. In such cases the object and intent of a zoning ordinance should not be suspended solely for the special benefit of an individual by reason of financial gain or loss, but on the contrary all property so restricted must yield to the burden, intent, and spirit of a comprehensive zoning ordinance designed to be essentially reasonable and necessary in the interest of the common welfare of those residing within the municipality, providing always that proper exceptions and defined limitations may come within the purview of the board of adjustment." (See authorities cited in the body of the opinion.)

Plaintiff refers to the case of Beveridge v. Westgate Oil Co., 171 Okla. 360, 44 P. (2d)

26, and contends that the rule announced in that case is controlling of the issues presented here. In that case a permit was granted by the district court as an exception to the terms of the ordinance providing that no well should be drilled less than 50 feet from the property line. The cause was appealed to this court and application was made for supersedeas, which was refused, and pursuant to the permit granted by the district court while the appeal was pending in this court, the well was drilled to a depth of approximately 5,000 feet. In that case it was shown that there was sufficient area in the drilling block to comply with the provisions of the ordinance and that the well was within the 50-foot limit of the south property line of the block, which would not have a tendency toward the extension of the ordinance. The granting of the permit was upheld by this court under the findings of fact made by the trial court. We quote from the body of the opinion as follows:

"While financial loss to a citizen alone may not be used as a means of thwarting the general good, yet a large financial outlay, which would be utterly destroyed or wasted, is a factor to be considered in determining the hardship which may be alleviated under the terms of the statute by the granting of an exception, and we cannot close our eyes to the tremendous loss in this case."

Plaintiff contends that it has made sufficient showing of "unnecessary hardship" to justify the granting of a permit as an exception to the terms of the ordinance. The facts relied upon are that it was necessary to expend $205,000 to complete the well drilled in the drilling block; that instead of a nine-inch well, as contemplated, plaintiff secured only a six-inch well, thereby securing less than one-half of the contemplated production. In other words, plaintiff's position is that, since the venture was not as successful as it would have been under other circumstances, it is the victim of the "unnecessary hardship" referred to in the prior decisions of the court. By granting a permit as an exception to the terms of the ordinance plaintiff would sustain financial benefit. It is immaterial whether such financial benefit be termed recoupment of losses or increased profits. The fact that an oil operator, due to circumstances of fact, secures more or less production from a drilling area within the drilling zone than he would have secured under other circumstances, constitutes no basis for the administration of the city ordinances. The power conferred upon the city relates only to the public peace, health, and safety of the citizens, and its acts must be referable, if valid, to this grant of power alone. Beveridge v.

Westgate Oil Company supra. This court is committed to the proposition that the object and intent of the ordinance should not be suspended solely for the special benefit of an individual by reason of financial gain or loss. Van Meter v. Wilcox Oil & Gas Co., supra. Since there is no showing of other facts or circumstances which would entitle plaintiff to a permit, as an exception to the terms of the ordinance, the judgment of the trial court is amply supported by the evidence.

The judgment is affirmed.

McNEILL, C. J., and BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur. RILEY and BAYLESS, JJ., absent. CORN, J., not participating.