## BEVERIDGE, Bldg. Supt., et al. v. FAIRFAX OIL CORPORATION.

No. 27192.   Oct. 6, 1936.

Harlan Deupree, Robert L. Berry, and Hoyt & Stephens, for plaintiffs in error.

Howard Hopps and Edwards & Robinson, for defendant in error.

OSBORN, V. C. J.   J. L. Beveridge, building superintendent of the city of Oklahoma City, Bernice Owen, and the British American Oil Producing Company, who will be hereinafter referred to as plaintiffs, have appealed from a judgment of the district court of Oklahoma county granting a permit to drill a well for oil and gas, to the Fairfax Oil Corporation, hereinafter referred to as defendant.

Defendant filed an application before the building superintendent of Oklahoma City to drill a second or additional well on a drilling block comprising blocks 16 and 19, Fairfax addition to the city of Oklahoma City. The permit was denied by the superintendent and an appeal was taken to the board of adjustment, where the permit was likewise denied for the reason that a permit had theretofore been granted upon the same area, which was insufficient for two wells. The cause was appealed to the district court of Oklahoma county, where the cause was heard and judgment entered granting the permit, from which judgment plaintiffs have appealed.

The property involved is located immediately north of 23rd street and between Lot-

tie and Kate avenues in Oklahoma City. The British American Oil Producing Company and Bernice Owen are interested as adjacent property owners.

Section 2-C of Ordinance No. 3944 of the city of Oklahoma City provides that in unplatted tracts no well shall be put down in any area less than five acres, or in platted tracts of less than two and one-half acres. Section 2-D of said ordinance provides that in the event the block exceeds five acres a second well may be drilled, provided the excess is equal to two and one-half acres, or in the event the block is of an area of seven and one-half acres. The property involved herein is platted property. The total area of the two blocks is 3.175 acres. The trial court granted the permit as an exception to the terms of the ordinance. Upon appeal it is urged that the judgment of the trial court is contrary to the clear weight of the evidence.

The grounds upon which applicant asserts its right to a permit are set out as follows:

"Applicant further states · that it has heretofore been issued a permit to drill a well for oil and/ or gas on Block .sixteen (16) being a part of the above-described area and that said well is now drilling; that said permit was granted without prejudice to the applicant as to an application for a second permit on said tract; That said area contains more than two and one-half (2½) acres and is composed of two separate and distinct city blocks entirely surrounded by streets, or outside boundary lines and that since the granting of said original application that the conditions in which said original application was granted have changed and the character of the surrounding area has been changed so that it is necessary in order to protect the applicant so that it may secure its fair and equitable share of the oil in the common pool, that the applicant be granted a permit as prayed for herein."

The findings of fact upon which the trial court predicated its judgment are as follows:

"The court further finds from the evidence that said blocks 16 and 19 are two separate and independent blocks, each being entirely surrounded by streets and that the area of said block 19 is 1.578 acres, exclusive of streets and alleys and is surrounded by streets more than fifty (50) feet in width, and that by reason of the fact that applicant could not make an application to drill thereon at the time the application was granted by the board of adjustment in block 16 in said area, because said property was then included in

the buffer zone and by reason of the fact that said property is now within the drilling zone and by reason of the fact that a well drilled thereon is necessary to enable the applicant to properly drain the oil from under its own land and properly protect itself against offset drainage so as to obtain its fair and equitable share in the common pool, and by reason of the fact that no increased hazard to the residents and people of the city of Oklahoma City, Okla., will result from said additional well in said area, that the applicant is entitled to an exception in the provisions of the' ordinances of the city of Oklahoma City, Okla., requiring it to have leases upon at least two and one-half acres before a well could be drilled thereon and is entitled to a permit to drill a well as prayed for."

It appears that block 19 is immediately south of block 16. Defendant's evidence was to the effect that at the time the former permit was granted the oil zone had not been extended to the south and all but 42 feet of block 19 was in the buffer zone, therefore he was forced to select a location for the well on block 16. It was also shown that the structure is higher in block 19 than in block 16, and that it will continue to rise to the south; that, generally speaking, the drainage from wells is from down structure to up structure; that a well in block 19 will be a better producer than a well in block 16 and will more adequately drain the territory covered by defendant's lease. Evidence was also adduced to the effect that the area involved is thinly settled; that the traffic on adjacent streets is not heavy and that the drilling of a second well would not appreciably increase the hazards to the general public.

"The board of adjustment has the power and authority to decide special exceptions and to authorize, in specific cases variances from the terms of the ordinance, when not contrary to the public interest, so long as the general intent, spirit, and purpose of the ordinance is observed, in order that the literal enforcement of its provisions will not result in unnecessary hardships. These statutory conditions were reviewed in Anderson-Kerr, Inc., v. Van Meter, 162 Okla. 176, 19 P. (2d) 1068. Even though the board of adjustment is empowered to make the exceptions and variances referred to in the statute, yet it must not be forgotten that these special exceptions or variances should be granted under special conditions arising in each particular case so as to prevent unnecessary hardship which would inevitably result in the event of the literal enforcement of the provisions of the ordinance, and that they must be harmonized with the general intent, design, and purpose of the ordinance." Van Meter v. H. F. Wilcox

Oil & Gas Co., 170 Okla. 604, 41 P. (2d) 904.

"Briefly stated, the general spirit and intent of said ordinance is as set forth in section 1 thereof, as amended, 'that for the purpose of the protection of lives and persons of the citizens of the city of Oklahoma City, and of the public generally, and for the protection of property from the danger of fire, explosion, gas, public nuisances, and other hazards dangerous to the public peace, health and safety as a result of the drilling for and production of petroleum and natural gas.'" Beveridge v. Westgate Oil Co., 171 Okla. 360, 44 P. (2d) 26.

In the case of American Oil & Refining Co. v. Beveridge, 177 Okla. 203, 58 P. (2d) 337, it was held that a showing that the drilling of a second well on a drilling block would result in financial benefit to an oil operator would not justify the granting of a permit for drilling such well.

In the instant case it is shown that the oil drilling territory was extended to the south subsequent to the granting of a permit for drilling the first well. Applicant's evidence is to the effect that block 19 thereby became a more favorable location than block 16 and that the drilling of a second well would permit a greater recovery of oil from the territory covered by defendant's lease, thereby resulting in enhanced profits. There is no showing of "unnecessary hardship," within the meaning of that term as defined in the former decisions of this court.

The trial court held that defendant was entitled to drill a well on block 19 "to enable the applicant to properly protect itself against off-set draining so as to obtain its fair and equitable share in the common pool." We have been careful to point out in our former decisions that the city has never been authorized to require ratable or equitable taking of oil from a common source of supply and that the power conferred upon the city relates only to the public peace, health, and safety of the citizens, and its acts must be referable, if valid, to this grant of power alone. Beveridge v. Westgate Oil Co., 171 Okla. 360, 364, 44 P. (2d) 26, 32; American Oil & Refining Co. v. Beveridge, supra.

The judgment of the trial court is contrary to the clear weight of the evidence.

Accordingly, the judgment is reversed and the cause remanded, with directions to the trial court to deny the permit.

McNEILL, C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.