## Iannetta v. Iannetta

■■■            ■■■■■■

■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■

*Richard Brown*, for plaintiff.
*Ronald R. Bolig*, for defendant.

MIMS, *J.*, August 4, 1981—This matter is before the court pursuant to Bucks County R.C.P.*266 on plaintiff's preliminary objections to defendant's petition for alimony, court costs, counsel fees and equitable distribution, relief which is sought under the provisions of the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. §101 et seq.

The parties were married on April 20, 1957, and separated in May of 1978. In May, 1979, plaintiff-husband filed for divorce and on March 26, 1981, by stipulation of the parties, the case was ordered to proceed under the provisions of the Divorce Code. Defendant-wife has requested alimony, court costs, counsel fees and equitable distribution. Plaintiff preliminarily objects to the request for equitable distribution claiming that all marital property was acquired by the parties, either individually or by the entireties, prior to the effective date of the Divorce Code, July 1, 1980. Consequently, he asserts, if applied here, the Divorce Code would operate retroactively violating the state and federal constitutions.

Section 401(b) of the Divorce Code authorizes the court, when granting a divorce, to dispose of existing property rights and interests between the parties. Section 401(e) limits the property to be disposed of to marital property which was acquired between the date of marriage and the date of separation.

As yet, there is no appellate court determination of this issue. However, two Courts of Common Pleas have recently handed down contrary decisions. The first of these, Bacchetta v. Bacchetta, 29 Chester 167 (1981), held §401, the equitable distribution provision of the Divorce Code, unconstitutional as a retroactive deprivation of property acquired, either separately or by the entireties, prior to July 1, 1980. The Chester County Court based its decision squarely on Willcox v. Penn Mutual Life Insurance Company, 357 Pa. 581, 55 A. 2d 521 (1947), in which the Pennsylvania Supreme Court invalidated the Community Property Law of 1947 because it operated retroactively on previously acquired property interests.

The second recently decided case is Bank v. Bank, November term 1980, No. 2993 (Philadelphia Court of Common Pleas, decided May 28, 1981), which held §401 of the Divorce Code constitutional over objections that it resulted in a retroactive taking of vested property. The Philadelphia Court distinguished the Willcox case from the one then before the court by pointing out that the object of the Community Property Law of 1947 was to lessen income taxes for married citizens of Pennsylvania. On the other hand, the purpose of the Divorce Code, as stated in §102(a)(6), is to "[e]ffectuate economic justice," and, as the court noted, to correct the inequities between divorcing spouses which have existed in Pennsylvania for 200 years. Such a purpose, reasoned the Philadelphia Court, represents an important public interest which the state, in the exercise of the police power, may promote by statute. As long as the public interest served outweighs the importance of the private right which is impaired, such a statute is valid. The Bank Court found economic justice to be more im-

portant than an individual's right in previously acquired property.

The Philadelphia Court also analyzed the equitable distribution section of the Divorce Code in the same manner as the New Jersey Supreme Court did a similar provision under New Jersey law in Rothman v. Rothman, 65 N.J. 219, 320 A. 2d 496 (1974). There, the New Jersey Court held that no property rights were impaired until a divorce was entered and, thus, the statute was not retroactive.

The law as stated by the Bank court at 4-5 and by the Rothman Court, 320 A. 2d at 499, is as follows:

A state may, in the exercise of the police power, enact a statute to promote the public health, safety, morals or general welfare. Such a statute, because of retroactive application or otherwise, may diminish in value or totally destroy an individual's right, whether in property as such or arising out of contract, provided that the public interest to be promoted sufficiently outweighs in importance the private right which is impaired. Nebbia v. New York, 291 U.S. 502, 54 S. Ct. 505, 78 L. Ed. 940 (1934); Home Building and Loan Ass'n v. Blaisdell, 290 U.S. 398, 54 S. Ct. 231, 78 L. Ed. 413 (1934); Day-Brite Lighting, Inc. v. Missouri, 342 U.S. 421, 72 S. Ct. 405, 96 L. Ed. 469 (1952); West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S. Ct. 578, 81 L. Ed. 703 (1937); Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L. Ed. 303 (1926).

In the case at bar, we fully agree with the Philadelphia Court in Bank. The situation encountered in the Willcox case is different from the one here. The purpose of the Community Property Law of 1947 was to lessen income taxes for married persons in Pennsylvania whereas the stated pur-

pose of the Divorce Code is to effectuate economic justice. Moreover, the tenor of the times and the social relationships among people have changed dramatically since 1947. In an era when divorce is as rampant as it is today, the injustice of denying the economic fruits of the shared enterprise of marriage to a financially disadvantaged spouse at divorce must be addressed. This is an important public purpose which also serves to prevent the financially disadvantaged spouse from becoming a public charge. Because the Divorce Code promotes such important purposes, contrary to the Community Property Law, and because these purposes outweigh in importance any impairment of private rights, §401 is a valid exercise of the police power and the Willcox case does not mandate otherwise. Even the Willcox court recognized the power of the state to provide for the distribution "to some extent [of] the property of a married person in the event of divorce and that marriage is "essentially a common enterprise." Willcox, 357 Pa. at 593, 55 A. 2d at 527.

Furthermore, the property interests of married persons are not affected until a decree of divorce is granted. Obviously no property may be equitably distributed except in conjunction with a divorce decree entered after the effective date of the Act. Accordingly, as in Bank and Rothman, the Divorce Code operates only prospectively.

In addition, it is fundamental that enactments of the legislature are presumed to be constitutionally valid and that anyone claiming that an act is unconstitutional carries a heavy burden of proof: National Wood Preservers, Inc. v. Commonwealth et al., 489 Pa. 221, 414 A. 2d 37 (1980), appeal dismissed 101 Supreme Ct. 47; Commonwealth v. Barnes & Tucker Co., 472 Pa. 115, 371 A. 2d 461

(1977), appeal dismissed 98 Supreme Ct. 38. In fact, the court may not declare a statute unconstitutional unless it clearly, palpably and plainly violates the constitution: National Wood Preservers, Inc., supra.

Especially when considering the expansive nature of the police power, we find that plaintiff here has not carried his heavy burden of proof. The Pennsylvania Supreme Court extensively discussed the police power in conjunction with environmental protection legislation in the 1980 case, National Wood Preservers, Inc. It said:

The "police power" is one of the "most essential powers of government. . . . " Hadacheck v. Sebastian, 239 U.S. 394, 410, 36 S.Ct. 143, 145, 60 L.Ed. 348 (1915).

. . . . The police power is fundamental because it enables "civil society" to respond in an appropriate and effective fashion to changing political, economic, and social circumstances, and thus to maintain its vitality and order. See, e.g., Mugler v. Kansas, 123 U.S. 623, 668, 8 S.Ct. 273, 301, 31 L.Ed. 205 (1887). "The police power of the state [must therefore be] . . . as comprehensive as the demands of society require under the circumstances." Barnes & Tucker Co. at 127, 371 A. 2d at 467. Of necessity, then, the police power is a broad and flexible power: National Wood Preservers, Inc., 489 Pa. at 231, 414 A. 2d at 42.

That court also concluded that, as long as the police power is exercised in a reasonable and nonarbitrary manner, the judiciary will not invalidate an enactment: National Wood Preservers, Inc., supra.

Clearly, the legislature's purpose in enacting the Divorce Code was to deal with changing social and

economic conditions and clearly its method of doing so was not arbitrary or unreasonable but rather was rationally related to its objective.

For the above reasons, we hold §401 of the Divorce Code to be a constitutionally valid exercise of the police power and, therefore, we deny and overrule plaintiff's preliminary objection.

### ORDER

And now, August 4, 1981, for the reasons stated in the foregoing opinion, plaintiff's preliminary objection to defendant's petition for alimony, court costs, counsel fees and equitable distribution is denied and overruled. Plaintiff is granted leave to file a responsive pleading within 20 days from notice of this order.