56 F.3d 76
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Steven A. ZAMSKY, Plaintiff-Appellant,
v.
Stafford HANSELL, Defendant-Appellee.
 No. 93-35779.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided May 24, 1995.
 
 Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Because the Commissioners could have reasonably believed that their action did not constitute a taking, they are entitled to qualified immunity.
 
 
 3
 In Haas & Co. v. City & County of San Francisco, 605 F.2d 1117 (9th Cir. 1979), we found that a 95% reduction in the value of a landowner's property did not itself constitute a taking. See id. at 1120-21; see also Hadacheck v. Sebastian, 239 U.S. 394, 405 (1915) (finding no taking when value was reduced from $800,000 to $60,000). Although Haas does not compel the conclusion that the Commissioners' action here -- which reduced Zamsky's land value by about 94.6% -- was not a taking, it does indicate that the Commissioners could reasonably believe that the diminution of value in Zamsky's property was not itself enough to constitute a taking.
 
 
 4
 Nor did Zamsky have a reasonable investment-backed expectation that he would be allowed to build at the higher density. The findings adopted by the LCDC's 1982 Continuance Order specifically noted the "major deficiencies in policies regarding Goals 2, 3, 4, 5, and 11 and the fact that several hundred thousand acres of rural lands are affected by those deficiencies." Because Zamsky's land was zoned both rural and PUD, this portion of the Order made it clear that the LCDC had objections relevant to Zamsky's property.[1]
 
 
 5
 The record also establishes that the LCDC's 1983 Continuance Order could not have created a reasonable investment-backed expectation of approval. The Order directed the county either to redesignate lands zoned PUD or to establish a valid exception. Furthermore, the LCDC had previously acquiesced in the county's decision not to consider Goal 14 until after Zamsky had proposed a specific development plan, which he had not done at the time of the 1983 Order. Therefore, Zamsky knew the LCDC had not considered Goal 14 at the time of this order and that the LCDC had concerns about whether his development plan would comply with that goal.
 
 
 6
 Finally, because the LCDC had no legal duty to intervene in the two court proceedings relating to Klamath County's approval of Zamsky's master development plan, its failure to do so did not create the requisite reasonable expectation.
 
 
 7
 Although Zamsky might have believed the higher density development plan would be approved, the contention that a property owner "may establish a 'taking' simply by showing that [he has] been denied the ability to exploit a property interest that [he] heretofore had believed was available for development is quite simply untenable." Penn Central Transp. Co. v. New York City, 438 U.S. 104, 130 (1978).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Attachment 2 to the 1982 Order also did not create a reasonable expectation of approval -- the Attachment was concerned only with the narrow question of whether the county plan had satisfied the LCDC's direction to address specific objections that had been raised in a previous court case relating to Zamsky's land. Moreover, even assuming this Attachment conflicts with the Continuance Order, the Order is clearly the legally effective document